

DA 10-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 121N

ELIZABETH L. SANDS and DANIEL W. JENSEN,

        Petitioners and Appellees,

   v.

UNIVERSAL CASSETTES, INC., UNIVERSAL
PRODUCTS UNLIMITED, BERNARD A. WEVERS
and LARRY N. LARSON,

        Respondents and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 08-144
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           Phil McCreedy, Datsopoulos, MacDonald & Lind, P.C.,
Missoula, Montana

      For Appellees:

           Robert Erickson, Sullivan, Tabaracci & Rhoades, P.C., Missoula, Montana

Submitted on Briefs:  May 11, 2011

Decided:  June 1, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This case arises from a failed joint business venture. Appellees Elizabeth Sands and Daniel Jensen invested in a company owned and operated by Appellants Larry Larson and Bernard Wevers. Sands and Jensen ultimately sued Larson and Wevers for violation of various statutes, fraud and breach of fiduciary duty. A jury ruled in favor of Sands and Jensen. Larson and Wevers moved for a new trial. The Fourth Judicial District Court denied the motion. Larson and Wevers appeal. We affirm.

**ISSUE**

¶3 A restatement of the issue on appeal is:

¶4 Did the District Court abuse its discretion in denying Larson and Wevers' motion for a new trial?

**STANDARD OF REVIEW**

¶5 We review a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Parrish*, 2010 MT 212, ¶ 14, 357 Mont. 477, 241 P.3d 1041.

**DISCUSSION**

¶6 *Did the District Court abuse its discretion in denying Larson and Wevers' motion for a new trial?*

¶7     The only issue in this case is whether the District Court abused its discretion when it denied Wevers and Larson's motion for a new trial. The ground for the motion was that the jury verdict form, containing questions framed in the conjunctive/disjunctive, was fundamentally flawed and deprived Larson and Wevers of a fair trial.

¶8     At the end of the three-day jury trial held in March 2010, counsel for both parties were asked to review the special verdict form to be presented to the jury. Several of the questions on the form were presented in an "and/or" format. For example, the jurors were asked: "Do the actions of Bernard Wevers and/or Larry Larson constitute fraud, as instructed by the [c]ourt?" After reviewing the form, counsel for Wevers and Larson submitted the following objection: "[I]n the complaint, I see nothing about joint and several liability. . . . [T]here should be two separate lines: Did the actions of Bernard Wevers constitute fraud? Did the actions of Larry Larson constitute fraud?" Counsel for Wevers and Larson did not specifically reference the use of the "and/or" language in his objection.

¶9     The District Court overruled the objection. Using the challenged verdict form, the jury ruled in favor of Sands and Jensen on all issues. Wevers and Larson moved to vacate the verdict and judgment and for a new trial. The District Court denied the motion, explaining that the parties were instructed earlier in the proceeding to object to any jury instructions in writing by January 8, 2010, and that Wevers and Larson failed to do so. Additionally, the court determined that Wevers and Larson "failed to specifically object to the use of the 'and/or' phrase that [they] submitted in their proposed special verdict." As a result, they waived their right to challenge the form.

3

¶10 Wevers and Larson argue on appeal that their trial objection was sufficient to preserve error, and that correction of the verdict form could have easily been effected with only minor delay. They argue alternatively that we should review for plain error, as failure to do so may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial, or compromise the integrity of the judicial process.

¶11 Sands and Jensen counter that Wevers and Larson repeatedly agreed to the case being tried under the theory of joint and several liability. They point out that the pretrial order provided for joint and several liability and that Wevers and Larson agreed to a joint and several liability jury instruction. Additionally, they claim Wevers and Larson submitted a proposed special jury verdict form that used the identical "and/or" language as was used in the form ultimately submitted to the jury. Lastly, they claim the special verdict form accurately reflected the law of the case. Sands and Jensen assert that Wevers and Larson may not now complain of language in the verdict form which was virtually identical to language they themselves proposed.

¶12 The record supports Sands' and Jensen's claims. Wevers and Larson repeatedly acquiesced or participated in presenting a joint and several liability case to the jury. Moreover, Wevers and Larson filed various documents in the case using the exact conjunctive/disjunctive language of which they now complain. It is well-established that we will not put a district court in error for a ruling in which the appellant acquiesced or participated, or to which he or she made no objection. *Sandman v. Farmers Ins. Ex.*, 1998 MT 286, ¶ 23, 291 Mont. 456, 969 P.3d 277. While Wevers and Larson did

belatedly object to the joint and several liability legal theory upon which the case was tried, the objection was inadequate and untimely as the case had already been presented to the jury.

¶13    We have determined to decide this case pursuant to Section 1, paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is one of judicial discretion and there clearly was not an abuse of discretion.

## CONCLUSION

¶14    For the foregoing reasons, we conclude the District Court did not abuse its discretion in denying Wevers' and Larson's motion for a new trial. We affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:


/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS